UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE LEE BOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00006-CDP |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Antoine Lee Boyle to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $1.00. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will order the Clerk of Court to issue process as to defendants Ethan Freeman, Catherine Douglas, and Ms. Unknown Martin in their individual capacities. The Court will dismiss without prejudice the remaining defendants.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging several employees at the Southeast Correctional Center (SECC) failed to protect him from an inmate assault and failed to provide him with medical care. He names as defendants: the Missouri Department of Corrections (MDOC), Trevor Foley (Acting Director, MDOC), Jason Lewis (Deputy Director, MDOC), William Stain (Acting Warden, SECC), Ethan Freeman (Correctional Officer (CO), SECC), Catherine Douglas (CO, SECC), Ms. Martin (CO, SECC), and Jacob McIntosh (CO, SECC). He sues all defendants in both their individual and official capacities.

Plaintiff states that on January 28, 2023, he was removed from SECC's general population and taken to administrative segregation for a conduct violation. Plaintiff alleges the conduct violation was falsely written by defendant McIntosh "in hopes that my job would be taken from me and that I will be assigned to ad-seg because of it." (Doc. 1 at 3).

The inmate assault on plaintiff occurred on February 7, 2023, between 11 p.m. and midnight, while plaintiff was in administrative segregation. Defendant COs Douglas, Freeman, and Martin brought offender Shawn Boarders to plaintiff's cell as his new cellmate. Plaintiff said the officers would not allow him to deny Boarders as a cellmate. Defendant Douglas threatened him with a use of force if he refused to let Boarders into the cell.

Plaintiff and Boarders were enemies. They had been cellmates previously and Boarders had been caught with a knife in their cell. Boarders received a conduct violation and was moved

to administrative segregation, but plaintiff did not receive this punishment. While being processed in administrative segregation, Boarders told an officer that plaintiff had set him up and that it was plaintiff's knife. Boarders threatened to retaliate against plaintiff. Plaintiff states that this alone should have caused he and Boarders to be labeled administrative enemies and Boarders should have been blocked from plaintiff's cell.

According to plaintiff, "on the night, [February 7], while I lay sleep in my cell I get a knock on the door telling me I'm going to get a new cellmate tonight. As I look out the window, I notice CO Martin [asking] Shawn Boarders to cuff up." (Doc. 1 at 4). Martin cuffed Boarders and brought him to plaintiff's cell. Plaintiff told CO Freeman not to take the cuffs off of Boarders because plaintiff did not trust him. Freeman still removed the cuffs and Boarders immediately began to attack plaintiff, who was handcuffed and tethered in his cell. Plaintiff screamed for Freeman to take off plaintiff's cuffs and tether and open the door to protect him. Freeman walked away and allowed Boarders to continue assaulting plaintiff "without even attempting to release my restraints or my [tether]." (*Id.*) Freeman then returned as plaintiff was yelling for help. Freeman pepper sprayed plaintiff in the eyes, mouth, ears, hair and all over his body. Once the can was empty, Boarders continued to assault plaintiff until he tired out and eventually submitted to restraints.

After the assault, plaintiff was led out of the cell and taken briefly to rinse out his eyes. He was then placed on a bench for three hours. He states that the pepper spray from his face re-entered his eyes and dripped from his hair. Medical personnel arrived and took pictures of plaintiff's injuries. Plaintiff was then put back into his cell without a shower and without the cell being cleaned. He was then given a different cellmate.

For his injuries, plaintiff states that he suffered a swollen face, multiple concussions, and cuts on his ears and nose. He also had a bloody nose and mouth, and injuries on his wrists from

the cuffs. He states that the pepper spray gave him chemical burns and he now suffers extreme paranoia.

For relief, plaintiff seeks $150,000 in actual and punitive damages.

## Discussion

*(a)     Defendants Ethan Freeman, Catherine Douglas, and Ms. Unknown Martin*

*(1)     Failure to Protect*

Prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). However, not every injury suffered by one prisoner at the hands of another prisoner translates into constitutional liability. "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

In determining whether a substantial risk of serious harm exists, the Court looks at certain factors such as (1) whether plaintiff had been threatened by the assaulting inmate; (2) whether the assaulting inmate was known to be violent or volatile; (3) whether plaintiff and the assaulting inmate had previously argued or fought, been cellmates, or even knew each other; and (4) whether either plaintiff or the assaulting inmate had recently been in protective custody or in a restrictive status such as administrative segregation. *See Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020).

Here, plaintiff alleges that he and Boarders were known enemies. Boarders believed plaintiff had set him up to be found with a knife in his cell. Boarders told one officer this directly, and apparently yelled it out for multiple guards and inmates to hear. Plaintiff states that Boarders "threatened me with retaliation all the way to ad-seg per multiple guards and witnesses." (Doc. 1 at 3). In addition to alleging he and Boarders were known enemies, plaintiff alleges that on the night of the attack, he protested directly to defendants Douglas, Freeman, and Martin that Boarders should not be placed in his cell. But defendants threatened to use force if plaintiff refused to allow Boarders into the cell. When the officers unlocked Boarders' handcuffs, he immediately attacked plaintiff, who was still handcuffed and tethered in the cell. Viewing the facts in the light most favorable to plaintiff, the Court finds that plaintiff has stated a plausible claim of failure to protect against defendants Douglas, Freeman, and Martin. The Court will order the Clerk of Court to issue service on these defendants in their individual capacities.

    *(2)*    *Deliberate Indifference to Serious Medical Need*

In addition, plaintiff alleges he was denied medical treatment after the assault. (Doc. 1 at 7). Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's

conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

After plaintiff was assaulted and pepper sprayed, he was allowed to rinse his eyes. Medical personnel were called. In his grievance appeal, plaintiff states, "Medical came and assessed my injuries and [saw] my face was cut and bruised, my wrist[s] were cut and bruised and my ears were as well. Pictures were taken." (Doc. 1 at 16). Plaintiff complains of this treatment, and states that he "was denied medical treatment." (Doc. 1 at 7). The Court does not find these allegations sufficient to state a plausible claim for deliberate indifference to a serious medical need. Medical personnel were called and they came to examine plaintiff's injuries. Plaintiff alleges his physical injuries were swelling, lacerations, and bleeding. He does not allege what essential medical care was refused to him. While more could have been done to make plaintiff comfortable, including allowing him to shower and clean his cell, he has not alleged a plausible claim that prison officials'

actions were so inappropriate as to evidence intentional maltreatment or refusal to provide essential care. For this reason, his claims of deliberate indifference to a serious medical need will be dismissed without prejudice.

>    (3)    *Official Capacity Claims*

The Court will dismiss without prejudice plaintiff's claims brought against defendants Douglas, Freeman, and Martin in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged any liability on the part of the State of Missouri, and therefore the Court will dismiss plaintiff's official capacity claims against these individual defendants.

>    (b)    *Defendant MDOC*

Plaintiff's claim against the Missouri Department of Corrections must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Furthermore, an agency exercising state

power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).

Plaintiff's claim against the Missouri Department of Corrections is a claim against a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983. Therefore, his claim against the Department of Corrections must be dismissed.

*(c)    Defendant Jacob McIntosh*

Plaintiff alleges that defendant Jacob McIntosh wanted plaintiff's job to be taken away from him, so he wrote plaintiff a false conduct violation. This is why plaintiff was sent to administrative segregation. A false conduct violation is not actionable under § 1983, however, and this claim against McIntosh will be dismissed without prejudice. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam); *see also Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974) (stating that "the role of the district court is not to afford a de novo review of the disciplinary board's factual findings" or it "would assume the task of retrying all prison disciplinary disputes"); *Mueller v. Norman*, 2011 WL 1330816, at *2 (E.D. Mo. Apr. 7, 2011) (stating that an allegation regarding a disputed conduct violation does not articulate a constitutional or federal statutory violation).

At the end of his statement of claim, Plaintiff states, "Had I not been in ad-seg for a false conduct violation from COI McIntosh, this [the assault] would [have] never happened." (Doc. 1 at 3). To the extent plaintiff is alleging McIntosh is responsible for plaintiff's assault, the Court will dismiss these claims. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d

1203, 1208 (8th Cir. 1990)). Because plaintiff has not established defendant McIntosh's direct responsibility for the alleged failure to protect, his claims against defendant McIntosh are dismissed.

      *(d)*      *Defendants Trevor Foley, Jason Lewis, and William Stain*

Although plaintiff lists Trevor Foley, Jason Lewis, and William Stain as defendants, his complaint contains no allegations against these three officials. As discussed above with respect to defendant McIntosh, "In a claim under §1983, there must be evidence of a causal connection between the misconduct complained of and the official sued." *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002). Plaintiff has not established any causal connection between the alleged constitutional violations and these defendants. The Court will dismiss without prejudice defendants Trevor Foley, Jason Lewis, and William Stain.

## Motion for a Preliminary Injunction and a Temporary Restraining Order

Plaintiff has also filed a motion for a preliminary injunction and a temporary restraining order. In the motion, plaintiff names several new defendants and several new incidents that have taken place at SECC. He states his informal resolution requests (IRRs) are being thrown away, he is not receiving proper medical care, he is being retaliated against by guards, and the conditions in his cell are unsanitary. He attaches to the motion IRRs dated September 15, 2023, November 3, 2023, and January 5, 2024, all of which complain of events and conditions occurring after his February 7, 2023 assault.

Plaintiff's motion for preliminary injunctive relief fails because the substance of the motion is not related to the claims in his complaint. As such, the Court cannot grant the motion. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); and *Hale v. Wood*, 89 F.3d 840, 1996 WL

341206, at *1 (8th Cir. 1996) (unpublished opinion) (rejecting plaintiff's request for injunctive relief because he "failed to establish a connection between these injuries and the conduct he challenged in his complaint"). The Court will deny plaintiff's motion for a preliminary injunction and a temporary restraining order.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the complaint pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Ethan Freeman, Catherine Douglas, and Ms. Unknown Martin in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Ethan Freeman, Catherine Douglas, and Ms. Unknown Martin in their official capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants the Missouri Department of Corrections, Trevor Foley, Jason Lewis, William Stain, and Jacob McIntosh are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel are **DENIED** without prejudice. [ECF No. 3 and 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction and temporary restraining order is **DENIED**. [ECF No. 5]

An Order of Partial Dismissal will accompany Memorandum and Order.

Dated this 14th day of May, 2024.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE