# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE LEE BOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00006-CDP |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on (1) Assistant Attorney General Luke A. Hawley's motion to withdraw as counsel for Defendant (ECF No. 28); (2) Defendant Caitlin Douglas's motion for leave to file answer out of time (ECF No. 25); and (3) for review of service of Defendant Ethan Freeman pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**(1)   Assistant Attorney General Luke A. Hawley's Motion to Withdraw as Counsel for Defendant Caitlin Douglas**

Assistant Attorney General Luke A. Hawley seeks to withdraw as counsel for Defendant Douglas. In his motion, he states that fellow Assistant Attorney General Olivia Finley will remain as counsel. The motion will be granted.

**(2)   Motion for Leave to File Answer Out of Time**

Defendant Caitlin Douglas has filed a motion for leave to file her answer three days out of time. The motion will be granted. The Court notes that Defendant has already filed her answer at Doc. 26, so no further action is needed by Defendant or by the Clerk of Court.

### (3) Review of Service of Defendant Ethan Freeman Pursuant to Federal Rule 4(m)

Finally, review of the record indicates that Defendant Ethan Freeman has not been served with process. As background, Plaintiff filed this action on January 17, 2024, naming Freeman as a Defendant. On September 27, 2024, the Court directed the Clerk to serve process on the complaint. The Clerk attempted to serve process upon Freeman at his last known address. On October 15, 2024, service was returned unexecuted for Freeman, and the return of service indicated that he had moved and not left a forwarding address.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, it has been more than 90 days since Plaintiff filed his complaint naming Freeman as a Defendant, and the Court has attempted service without success. As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a Plaintiff, shall dismiss an action against any Defendant upon whom service has not been timely made. In light of Plaintiff's status as a pro se and in forma pauperis litigant, he will be given the opportunity to provide the Court with adequate information such that Freeman may be timely served under Rule 4(m). Plaintiff's response to the Court is due no later than 21 days from the date of this Order.

**IT IS HEREBY ORDERED** that Defendant Caitlin Douglas's Motion for Leave to File Answer Out of Time is **GRANTED**. [ECF No. 25]

**IT IS FURTHER ORDERED** that Assistant Attorney General Luke A. Hawley's motion to withdraw as attorney is **GRANTED**. [ECF No. 28]

**IT IS FURTHER ORDERED** that, no later than 21 days from the date of this Order, Plaintiff shall provide the Court with adequate information such that Defendant Freeman may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, Plaintiff's failure to timely respond to this Order shall result in the dismissal of Defendant Freeman from this cause of action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 29th day of October, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE