IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE LEE BOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24CV00006CDP |
| ) | |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CAITLIN DOUGLAS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant Caitlin Douglas ("Defendant"), by and through counsel, opposes Plaintiff's motion to compel and respectfully requests that this Court deny his motion. On March 18, 2025, Plaintiff Antoine Lee Boyle ("Plaintiff") filed a Motion to Compel Discovery. Doc. 45. However, Plaintiff has failed to provide initial disclosures pursuant to the scheduling order ordered by this court on December 17, 2024. Doc. 38. Additionally, Plaintiff had not served any discovery request to Defendant prior to filing his motion to compel. Finally, even if Plaintiff had served initial disclosures and discovery requests to Defendant, Plaintiff has failed to adhere to the local rules regarding discovery disputes.

1

## ARGUMENT

I. **Plaintiff's motion to compel is inappropriate because he failed to provide initial disclosures.**

On December 17, 2024, this Court issued a Case Management Order. Doc. 38. Pursuant to this order, the Court ordered initial disclosures be provided by each party no later than February 10, 2025. *Id.* at 1, ¶ 3. Defendant provided her initial disclosures on February 10, 2025. To date, Plaintiff failed to provide initial disclosures to Defendant. Accordingly, Plaintiff failed to obey a scheduling order in violation of Federal Rule of Civil Procedure ("FRCP") 16(f). While it is true that *pro se* litigants' submissions and arguments are to be viewed liberally and with leniency, *pro se* litigants are not excused from compliance with procedural and substantive rules. *See Quam v. Minnehaha Cnty. Jail,* 821 F.2d 522, 522 (8th Cir.1987) (per curiam). More to the point, it is only "[f]ollowing disclosure each party may engage in discovery under the Federal Rules of Civil Procedure". Doc. 38 at 2, ¶ 4. As such, the parties must engage in providing disclosures before engaging in discovery. Because Plaintiff has not done so, propounding discovery and his motion are both premature.

II. **Plaintiff's motion to compel is inappropriate because Plaintiff has failed to follow the Federal Rule of Civil Procedure 37 or Local Rules regarding discovery disputes.**

FRCP 37(a) permits parties to move for an order compelling discovery. *Ashley v. McKinney*, 4:19-CV-00309-MTS, 2021 WL 426022, at *4 (E.D. Mo. Feb.

2

8, 2021). The Rule requires that any motion requesting such relief "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.;* Fed. R. Civ. P. 37(a). It also lays out four circumstances where a motion compelling discovery may be sought: first, where a deponent fails to answer a question asked under FRCP 30 or 31; second, where a corporation or other entity fails to make a designation under FRCP 30(b)(6) or 31(a)(4); third, where a party fails to answer an interrogatory under FRCP 33; or fourth, where "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). *Id.* None of those circumstances are present here. It is axiomatic that to compel disclosure of documents under Rule 37, there must be a request under Rule 34 *to* compel. Defendant is not in possession of a request for production from Plaintiff. In addition to not meeting his disclosure obligations, he has not made a request for production of what his motion seeks. For these reasons, his motion should be denied.

Further, Local Rule 3.04(A) requires that the movant confer in good faith, or make reasonable efforts to resolve the discovery dispute. Here, Plaintiff gave no notice of this dispute before filing his motion. Nor did he certify that he attempted to resolve the dispute, which is mandatory under the Local Rule and the Court's requirements. *Id.*; *Requirements,* at 2, ¶ 7.

3

On March 21, 2025, Defendant mailed Plaintiff a letter indicating his Motion to Compel Discovery was premature in that he has not provided his initial disclosures.

WHEREFORE, Defendant requests this Court deny Plaintiff's Motion to Compel Discovery.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Olivia L. Finley*
Olivia L. Finley
Assistant Attorney General
Missouri Bar No. 76610
207 West High Street
Jefferson City, Missouri 65101
Phone: (573) 751-3321
Email: olivia.finley@ago.mo.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the March 22, 2025, the foregoing was filed electronically via the Court's electronic filing system and via U.S. mail to:

<u>Legal Mail</u>
Antoine Lee Boyle
#1244143
Southeast Correctional Center
300 E. Pedro Simmons Dr.
Charleston, MO 63834

                                                */s/ Olivia L. Finley*
                                                Assistant Attorney General