UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE LEE BOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24 CV 6 CDP |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On May 14, 2024, upon initial review of Missouri state prisoner Antoine Lee Boyle's original civil rights complaint brought under 42 U.S.C. § 1983, I permitted his Eighth Amendment claim of failure-to-protect to proceed against defendants Ethan Freeman, Caitlin Douglas, and Claryssa Martin – all of whom were correctional officers at Southeast Correctional Center (SECC) who allegedly failed to protect Boyle from a prisoner assault in February 2023 despite being aware of the likely potential for such assault and witnessing it without intervening. I dismissed without prejudice Boyle's claim of deliberate indifference to serious medical needs as well as all claims brought against the defendants in their official capacities and all claims against the Missouri Department of Corrections (MDOC) and other individually named defendants. (ECF 6, Memo. & Ord.) Defendant Freeman was later dismissed without prejudice as he had not been served with process within the

time prescribed by Federal Rule of Civil Procedure 4(m).

Boyle has now filed several motions to amend his complaint, along with several other motions.  Although Boyle has not sought leave to file his second and third motions to amend beyond the Case Management Order's deadline of January 17, 2025, I will grant him leave *sua sponte* to file his motions out of time.  In his second motion to amend, Boyle seeks to reinstate Freeman as a defendant to the case, averring that his whereabouts are now known.  In his third motion to amend, Boyle seeks to 1) reinstate previously dismissed claims as well as the MDOC and the individual defendants who were dismissed on initial review, 2) add new claims, and 3) add new defendants.

Upon review of the status of the proceedings in this case – including that the case is still in its preliminary stages; that Boyle has informed the Court of an apparent incapacity to timely comply with certain filing deadlines because of an intervening injury and surgery to his writing hand (*see* ECF 41, 47); the plausibility of Boyle's newly asserted claim against Freeman of excessive use of force, specifically that Freeman deliberately pepper-sprayed him about the face and body during the prisoner assault while Boyle was handcuffed and defenseless; and Boyle's assertion that Freeman's whereabouts are now known – I will grant Boyle's second and third motions to amend his complaint to the extent he seeks to reinstate Freeman as a defendant to the failure-to-protect claim and to assert an excessive-use-of-force claim against Freeman based on the pepper-spray incident during the assault.  I will not

permit Boyle to reassert his medical claim of deliberate indifference, as he continues to allege facts that do not state a constitutional claim. Nor will I permit Boyle to reinstate the MDOC or the individual defendants previously dismissed as Boyle's allegations do not cure the deficiencies that led to their dismissal. I will likewise not permit Boyle to pursue his newly asserted "hitching post" claim as he fails to allege facts sufficient to show that any named defendant is liable for the alleged misconduct. Finally, I will not permit Boyle to add new defendants to the case as he does not allege facts demonstrating their causal connection to his viable claims.

In view of the above, I will vacate the Case Management Order entered December 17, 2024, and deny as moot Boyle's first motion to amend complaint. I will grant Boyle's motion to file initial disclosures out of time. I will deny without prejudice Boyle's motion to compel as it appears that defense counsel was not served with any request to produce documents until the electronic filing of the motion. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (motion to compel may be made if party fails to produce documents "as requested under Rule 34."). I will also deny without prejudice Boyle's motion for the appointment of counsel as such appointment is not warranted at this time. I will consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Antoine Lee Boyle's Second and Third Motions to Amend Complaint [48] [49] are **GRANTED in part and DENIED**

**in part**.  This case shall proceed on the following claims against the following defendants:

- Count I – Eighth Amendment Cruel and Unusual Punishment, Failure to Protect – against defendants Ethan Freeman, Caitlin Douglas, and Claryssa Martin; and

- Count II – Eighth Amendment Cruel and Unusual Punishment, Excessive Use of Force – against defendant Ethan Freeman.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process as to defendant Ethan Freeman in his individual capacity pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office.   Such process shall include plaintiff's original complaint (ECF 1) and third motion to amend complaint (ECF 49), as well as a copy of this Memorandum and Order and the Memorandum and Order entered May 14, 2024 (ECF 6).   In the event the Missouri Attorney General does not waive service for defendant Freeman, that Office shall provide the Court with Freeman's last known contact information so that service may be attempted under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that plaintiff's First Motion to Amend Complaint [40] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to File Initial Disclosures [47] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel [45] and

Motion for the Appointment of Counsel [39] are **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Case Management Order entered December 17, 2024 [38] is **VACATED**.  An Amended Case Management Order will be entered once the status of defendant Freeman is known.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2025.