UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE LEE BOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24 CV 06 CDP |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Review of the file shows that defendant Claryssa Martin is representing herself in this prisoner civil rights action; but no address appears of record for Martin, resulting in her failing to receive Court filings and other documents in the case, including orders of the Court.[1]  I will therefore direct Martin to file a Memorandum to Clerk setting out either a mailing address to be added to the docket sheet at which paper filings may be directed to and served upon her, or file a Request by Non-Prisoner Self-Represented Party for Electronic Noticing to request electronic notice of filing by e-mail through the Court's electronic-filing system.

---

[1] The Missouri Attorney General's Office declined to waive service for Martin on account of her no longer being employed with the Missouri Department of Corrections.   Summons was issued to and executed on Martin at her last known address, which the Attorney General provided to the Clerk of Court under seal and ex parte.

All parties are reminded that Federal Rule of Civil Procedure 5 requires service of all papers – including responsive pleadings (such as an answer), discovery papers, and written motions – on every party.  A paper may be served on another litigant by electronically filing the paper only when the recipient may electronically receive materials filed in Court.  Materials electronically filed with the Court's electronic-filing system need not include a certificate of service with respect to those recipients.  Fed. R. Civ. P. 5(d)(1)(B).  However, if a paper is filed with the Court and a litigant is a not a recipient of electronic notifications through the Court's electronic-filing system, a certificate of service must be filed with that paper or within a reasonable time after service indicating service of that paper by other means.  Fed. R. Civ. P. 5(d)(1)(B)(i).  Self-represented litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this Court.  *See Stills v. Simpson*, No. 4:20-CV-1099-PLC, 2021 WL 1516416 (E.D. Mo. Apr. 16, 2021) (listing cases).

Plaintiff Antione Lee Boyle is a state prisoner who receives communications only through regular mail to his correctional facility address and not through electronic means.  Any material filed of record that must be served on Boyle must therefore contain a certificate of service stating the date the material was mailed to him and the address to which the material was mailed.  *See* Fed. R. Civ. P. 5(b)(2)(C).  Martin's answer filed November 13, 2024, contains no such

certificate of service.  Nor does it contain her address, telephone number, email address, or any other form of contact information.  *See* E.D. Mo. L.R. 2.01(A)(1) ("All filings . . . shall contain the signature of the self-represented party or the party's attorney.  Immediately beneath each signature shall appear the self-represented party or party attorney's name, address, telephone number, [and] email address . . . .").

As no address or other contact information for Martin appears on the public record,[2] it appears that the other litigants in this case have not served Martin with any papers, motions, or other documents filed in the case.  The certificates of service attached to those documents fail to include Martin as a served party.  I will therefore direct the Clerk of Court to provide Martin with copies of all pleadings, papers, orders, and other documents filed in this case after November 13, 2024, the date Martin filed her answer.  As I am directing Martin to provide the Clerk of Court with an address for service by mail or an email address for electronic notifications – and it is Martin's responsibility to notify the Clerk and all other parties of any change in her address, *see* E.D. Mo. L.R. 2.06(B) – the provision of copies to her without cost as directed by this Order is a one-time event.

Accordingly,

**IT IS HEREBY ORDERED** that **not later than May 27, 2025,** defendant

---

[2] Neither Martin's answer nor the envelope that contained it bear her address.  (*See* ECF 32.)

**Claryssa Martin** shall either:   1) file a Memorandum to Clerk setting out a mailing address to be added to the docket sheet at which paper filings may be directed to and served upon her, or 2) file a completed Request by Non-Prisoner Self-Represented Party for Electronic Noticing to request electronic notice of filing by e-mail.  **Failure to timely comply with this Order may result in the imposition of sanctions, including striking Martin's Answer for failure to comply with Federal and Local Rules and for failure to comply with an Order of the Court.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to defendant Claryssa Martin at her last known address provided by the Missouri Attorney General's Office (*see* ECF 22) a copy of this Memorandum and Order; a copy of the docket sheet; copies of all pleadings, papers, orders, and other documents filed in this action after November 13, 2024; and a Request by Non-Prisoner Self-Represented Party for Electronic Noticing.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2025.