UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ANTOINE LEE BOYLE,                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          No. 1:24 CV 06 CDP
                                      )
CAITLIN DOUGLAS, et al.,              )
                                      )
          Defendants.                 )

## MEMORANDUM AND ORDER

In May 2024, I directed the Clerk to issue process in this prisoner civil rights action against defendants Ethan Freeman, Caitlin Douglas, and Claryssa Martin on plaintiff Antoine Lee Boyle's claim that, as correctional officers at Southeast Correction Center, they violated his Eighth Amendment rights when they failed to protect him against a prisoner assault by a known enemy.   Douglas answered the complaint through counsel in October 2024.   Martin answered the complaint on her own behalf in November 2024 but provided no contact information to the Court or to the other parties.   Freeman was dismissed from the case without prejudice in December 2024 for lack of service of process.   I entered a Case Management Order on December 17, 2024, and imposed a schedule governing discovery and dispositive motions.   In May 2025, I permitted Boyle to reinstate his failure-to-protect claim against Freeman and to add an excessive-use-of-force

claim against him.   I also directed Martin to file with the Court an address of record for service.

In September 2025, Martin filed an answer to Boyle's complaint through counsel, and Boyle's claims against Freeman were again dismissed for lack of service of process.   On September 17, I entered an Amended Case Management Order on Boyle's original claim against Douglas and Martin, directing that disclosures be made not later than November 17, 2025; that discovery be completed not later than March 17, 2026; and that motions for summary judgment be filed not later than April 17, 2026.   Trial is not set in the case.   In substance, the case has remained silent since the entry of that Amended CMO.

Boyle has now filed a motion for appointment of counsel, which is his fourth such motion in the case – the last having been denied without prejudice on May 7, 2025.   In his present motion, Boyle argues that his imprisonment limits his ability to litigate the case; that he has limited access to the law library and limited knowledge of the law; that he sustained injuries to his head and hands on February 15, 2026; that he is missing some property, including legal mail; that upcoming surgery will "derail" him for at least one year; and that the Missouri Department of Corrections continues in its failure to protect him from harm.   Notably, Boyle signed his motion on March 18, 2026, the day after discovery in this case closed. I will deny Boyle's motion.

- 2 -

There is no constitutional or statutory right to appointed counsel in civil cases.  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).   In deciding whether to appoint counsel for an indigent plaintiff, I should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claims.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

Boyle has shown that he can adequately present his claim to the Court.   His previous filings with the Court are thorough, organized, and appropriate to the issues addressed.   The factual and legal issues in this case are not complex. Boyle claims that defendants Douglas and Martin failed to protect him from a prisoner assault in February 2023 despite being aware of the likely potential for such assault and witnessing it without intervening.   The discovery period in the case has closed, and whether conflicting evidence or testimony exists in the case will become apparent upon consideration of materials submitted on a motion for summary judgment, if one is filed.

After reviewing the above factors, I conclude that the appointment of counsel is not warranted.   I will therefore deny Boyle's motion for the appointment of counsel at this time.   To the extent Boyle's motion refers to alleged conduct and injuries not at issue in this case, he can bring a new prisoner

civil rights action on those allegations, as the new allegations will not be considered as part of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Antoine Lee Boyle's Motion for the Appointment of Counsel [72] is **DENIED without prejudice.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2026.